United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA,<br><br>    Plaintiff,<br><br>  v.<br><br>F. RODGERS CORPORATION, F. RODGERS SPECIALTY CONTRACTORS, INC., FRANK E. RODGERS, and DOES 1-100, inclusive,<br><br>    Defendants.<br>_____/ | No. C 12-02085 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER** |

      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 25, 2012 AT 9:00 A.M.:

      The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel

attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein. The Court **DENIES** Defendant's request to continue the hearing.

The Court **tentatively GRANTS** Plaintiff's motion for temporary restraining order. The parties shall each have 20 minutes to address the following questions:

1. Does Defendant Frank E. Rodgers dispute that he is personally liable as an individual signatory on the indemnity agreement? (*See* Declaration of Jeffrey Jubera, Ex. 1 at 6, 7.)

2. Plaintiff's proposed order only requests relief to enjoin Rodgers from transferring personal assets with a value in excess of $5,000 and a statement of financial condition. In its reply papers, however, Plaintiff seeks to have the Court require that Rodgers provide Plaintiff "immediate access to his books, records, accounts, databases, and other documents and information." (*See* Reply at 7.) The indemnity agreement provides that the signatories "shall furnish to [Plaintiff] such information as it may request concerning their financial condition." (Jubera Decl., Ex. 1 at 2, ¶ 9.) What is the specific scope of information Plaintiff seeks and is it entitled to broad access to information at this procedural juncture?

3. Could Plaintiff get a judgment to set aside any transfers of property, thereby rendering their potential harm reparable? (*See* Opp. Br. at 6.)

4. Should the Court grant the restraining order, what is the appropriate amount of bond?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 23, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2