ROBERT A. HUDDLESTON, ESQ., SBN 83662
JEFFREY J. MANN, ESQ., SBN 253440
**HUDDLESTON & SIPOS LAW GROUP LLP**
1676 N. California Boulevard, Suite 550
Walnut Creek, CA 94596
Telephone:   (925) 947-0100
Facsimile:    (925) 947-0111

Attorneys for Defendant FRANK E. RODGERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>F. RODGERS CORPORATION, a California corporation; F. RODGERS SPECIALTY CONTRACTORS, INC., a California corporation; and FRANK E. RODGERS, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C12-02085 JSW<br><br>DISTRICT JUDGE JEFFREY S. WHITE<br><br>Courtroom:  11<br><br>STIPULATION AND [PROPOSED] ORDER MODIFYING ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION |

Plaintiff The Guarantee Company of North America USA ("GCNA") and defendant Frank E. Rodgers ("RODGERS") hereby agree and stipulate as follows in further resolution of the Motion brought by GCNA for a Temporary Restraining Order and Preliminary Injunction:

1. GCNA and RODGERS previously agreed and stipulated, pursuant to a Stipulation and Order filed herein on June 1, 2012, that the real property and certain improvements commonly known as 14000 and 14004 Cub Trail, Redding, CA ("Cub Trail Property") shall be posted as collateral security with GCNA by RODGERS executing (either as an individual, or in his capacity as General Partner or Officer of entities which currently are titled owners of the Cub Trail Property, or both) a second deed of trust in the amount of $2,000,000 in favor of GCNA with a power of sale conditioned on judgment or other ultimate and final disposition of this lawsuit on its merits by the

Court. RODGERS did so and the second deed of trust in favor of GCNA was recorded and became a lien against the Cub Trail Property on or about September 19, 2012.

2. The entities which were titled owners of the Cub Trail Property thereafter entered into a contract to sell the Cub Trail Property, with the consent of GCNA. GCNA consented to said sale on the terms and conditions of this Stipulation.

3. GCNA's consent to the sale of the Cub Trail Property was (and is) conditioned on the following: (A) the first deed of trust encumbering the Cub Trail Property as of September 19, 2012 be paid off in full; (B) the new first deed of trust in favor of the entities which were titled owners of the Cub Trail Property as of September 19, 2012, and the promissory note for $1,920,000 that it secures, each of which have been executed by the purchaser of the Cub Trail Property, shall be assigned to GCNA as collateral security with GCNA for its claims in this action; and (C) all net cash proceeds from the sale of the Cub Trail Property and all payments made on account of the $1,920,000 promissory note shall be placed in a separate bank account GCNA will establish under signatory control of GCNA. The parties agree that the disposition of the proceeds placed in said separate account is conditioned on judgment or other ultimate and final disposition of this lawsuit on its merits by the Court or by the mutual consent of the parties to this action confirmed by an order of the Court.

4. In additions to the conditions set forth in the preceding section, GCNA has also notified counsel for RODGERS that although GCNA would consent to the sale of the Cub Trail property as it agreed it would, the assignment of the promissory note and the ten-year payout schedule of the promissory note was not sufficient collateral. The parties will meet and confer in an attempt to agree on the posting of collateral sufficient to satisfy the loss asserted by GCNA. Should the parties fail to reach an agreement on the collateral to be posted, the Court will hear and determine any dispute about the amount of additional collateral to be posted and the terms thereof.

5. Given the recordation of the deed of trust in favor of GCNA on the Cub Trail Property in conformance with the Stipulation and Order on Motion for Temporary Restraining Order and for Preliminary Injunction filed herein on June 9, 2012, GCNA withdraws its motion for injunctive relief and agrees to the dissolution of the Temporary Restraining Order tentatively granted

1 pursuant to this Court's Minute Order of May 25, 2012. This withdrawal and dissolution is without
2 prejudice to GNMA having the right to renew or re-file its requests for a Temporary Restraining
3 Order and/or for a Preliminary Injunction as set forth in paragraph 4 above or for any additional or
4 different reasons it deems appropriate.

5     6.     The parties otherwise reserve all rights and defenses as to the matters alleged in the
6 First Amended Complaint herein.

7     IT IS SO STIPULATED:

8 Counsel for Plaintiff THE GUARANTY COMPANY OF NORTH AMERICA USA

11 /s/ Gregory M. Weinstein
12 GREGORY M. WEINSTEIN

13 /s/ Michael J. Timpane
14 MICHAEL J. TIMPANE

16 Counsel for Defendant FRANK E. RODGERS

18 ROBERT A. HUDDLESTON

21 IT IS SO ORDERED     DAted: January 7, 2013

24 HONORABLE JEFFREY S. WHITE
Judge of the U.S. District Court

STIPULATION AND [PROPOSED] ORDER MODIFYING ORDER ON MOTION
FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION
N:\1810.13\Pld\GCNA.Rodgers.Stip-3.wpd/ms     3

HUDDLESTON & SIPOS LAW GROUP LLP
1676 N. California Boulevard, Suite 550
Walnut Creek, CA 94596
Tel: (925) 947-0100
Fax: (925) 947-0111